IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


**LOUIE BROWNING,**

     **Plaintiff,**

**v.**                                                    **Civil Action No. 2:17-cv-04225**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), Defendant's Brief in Support of Defendant's Decision (ECF No. 12) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 13).  This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for disability insurance benefits (DIB) under Title II of the Social Security Act.

Background

Claimant, Louie Browning, filed an application for DIB on July 9, 2014.  Claimant alleged disability beginning June 3, 2014.  The claim was denied initially on October 15, 2014, and upon reconsideration on February 25, 2015.  Claimant filed a request for hearing on March 25, 2015.  A video hearing was held on January 17, 2017.  Claimant appeared in Logan, West Virginia, and the Administrative Law Judge presided over the hearing from Charleston, West Virginia.  The Administrative Law Judge (ALJ) denied Claimant's application on February 3, 2017.  On March 31, 2017, Claimant sought review of the ALJ's decision by the Appeals Council.  The Appeals Council denied Claimant's request for review on August 29, 2017 (Tr. at 1-6).  Subsequently, on

October 27, 2017, Claimant filed the present complaint seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2017). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a), 416.920. The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920. If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920. If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d), 416.920. If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e), 416.920. By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920 (2017).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.*
>
>> (1)    Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
>> (2)    We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See

> 12.00C through 12.00H of the Listing of
> Impairments in appendix 1 to this subpart for more
> information about the factors we consider when we
> rate the degree of your functional limitation.
>     (3)    We have identified four broad
> functional areas in which we will rate the degree of
> your functional limitation:
>         Activities of daily living; social
>         functioning; concentration, persistence, or
>         pace; and episodes of decompensation. See
>         12.00C of the Listings of Impairments.
>     (4)    When we rate the degree of limitation
> in the first three functional areas (activities of daily
> living, social functioning; and concentration,
> persistence, or pace), we will use the following five-
> point scale: None, mild, moderate, marked, and
> extreme. When we rate the degree of limitation in the
> fourth functional area (episodes of decompensation),
> we will use the following four-point scale: None, one
> or two, three, four or more. The last point on each
> scale represents a degree of limitation that is
> incompatible with the ability to do any gainful
> activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1). Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental

disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulation further specifies how the findings and conclusion reached in applying the technique must be documented at the ALJ and Appeals Council levels as follows:

> At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section. 20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since June 3, 2014, the alleged onset date (Tr. at 12). Claimant meets the insured status requirements of the Social Security Act through December 31, 2016. (*Id.*) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments: headache, degenerative disc disease of the lumbar spine; neuropathy; history of bilateral inguinal hernias; depressive disorder; and generalized anxiety disorder (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 13). The ALJ then found that Claimant has a residual functional capacity to perform light work except: he can never climb ladders, ropes or scaffolds; he can occasionally balance, kneel, stoop, crouch, crawl; and climb ramps and stairs. He must avoid concentrated exposure to extreme cold, vibration, loud noise and hazards such as unprotected heights and moving machinery. Additionally, the Claimant is able to understand, remember and carry out no more than simple

instructions.  He can complete simple, routine and repetitive tasks and perform work involving no

rapid pace or strict production quotas (ECF No. 15).  The ALJ found that Claimant is unable to

perform past relevant work (Tr. at 18).  The ALJ found that Claimant is able to perform light level

work such as a bakery worker, housekeeper and laminating machine operator (ECF No. 19).  On

this basis, Claimant's application was denied (Tr. at 30).

### Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was

defined as:

> [E]vidence which a reasoning mind would accept as sufficient to
> support a particular conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less than a
> preponderance. If there is evidence to justify a refusal to direct a
> verdict were the case before a jury, then there is "substantial
> evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving

conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless,

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize

the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v.

Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A further review of the record reveals the decision of the Commissioner in this case is

supported by substantial evidence.

## Claimant's Background

Claimant was born on September 30, 1962.  He completed the sixth grade and did not require special education classes.  He possesses a driver's license.

## Medical Records

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

## Vocational Expert Testimony

At the administrative hearing, Agnes Gallen, a Vocational Expert, testified that Claimant's past relevant work as a truck mechanic was skilled work, while his work as a dump truck driver was unskilled work (Tr. at 52).  She also testified that Claimant's past relevant work ranged from medium to heavy exertional work (Tr. at 52). The ALJ asked the vocational expert if work existed in the national economy for an individual of Claimant's age, education and past relevant work experience, if the individual were limited to:

> performing light work as defined in the regulations, but who can never perform climbing of ladders, ropes, or scaffolds. Who can occasionally perform balancing, kneeling, stooping, crouching, crawling, and climbing of ramps and stairs.  Who must avoid concentrated exposure to extreme cold, vibration, loud noise, and hazards such as heights and machinery.  Who is limited to understanding, remembering, and carrying out simple instructions to completing simple, routine, and repetitive tasks.  And to performing work not involving a rapid pace or strict production quotas.

(Tr. at 52-53).  In response, Ms. Gallen testified that such an individual could work as a bakery worker on a conveyor line, housekeeper and laminating-machine offbearer (Tr. at 53).

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's finding that he had a marginal education and was able to communicate in English is not supported by substantial evidence (ECF No. 10).  Claimant argues

that "in light of all the probative evidence in favor of Claimant's claim of illiteracy, the ALJ was required to inquire more fully into the issue of whether [Claimant] was or was not illiterate." (*Id.*) In response, Defendant avers that substantial evidence supports the ALJ's finding that Claimant had a marginal education (ECF No. 12).

## Discussion

The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 04.1505(a); *see Heckler v. Campbell*, 461 U.S. 458, 459-60 (1983); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[An impairment] is not necessarily disabling. There must be a showing of related functional loss."). The responsibility for determining whether Claimant is disabled resides with the Commissioner. 20 C.F.R. § 404.1527(e)(1). To be eligible for disability benefits, Claimant bears the burden of showing not only that he has a medically determinable impairment, but that it is so severe that it prevents him from engaging in his past relevant work or any other substantial gainful activity that exists in the national economy for a 12-month period. 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

The regulations state:

> (b) *How we evaluate your education.* The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. The term education also includes how well you are able to communicate in English since this

8

ability is often acquired or improved by education. In evaluating
your educational level, we use the following categories:

(1)     Illiteracy means the inability to read or write. We consider
someone illiterate if the person cannot read or write a simple
message such as instructions or inventory lists even though the
person can sign his or her name. Generally, an illiterate person has
had little or no formal schooling.

(2)     Marginal education means ability in reasoning, arithmetic,
and language skills which are needed to do simple, unskilled types
of jobs. We generally consider that formal schooling at a 6th grade
level or less is a marginal education.

(3)     Limited education means ability in reasoning, arithmetic,
and language skills, but not enough to allow a person with these
educational qualifications to do most of the more complex job duties
needed in semi-skilled or skilled jobs. We generally consider that a
7th grade through the 11th grade level of formal education is a
limited education.
20  C.F.R §§ 404.1564(b)(1)-(b)(3), 416.964(b)(1)-(b)(3).

Claimant argues that he is illiterate, however, at the hearing Claimant's representative

described his education as marginal.  Claimant's representative stated, "I believe with his strong

work history, his marginal education, and the - - the totality of the longitudinal evidence of record

that as of June of 2014, he - - the RFC level that would be appropriate would be a sedentary RFC

level" (Tr. at 34).  Claimant completed the sixth grade and did not require special  education

classes (Tr. at 192).  Claimant reported in his DIB application that he could read (Tr. at 175). He

also reported on an agency form that he could write more than his name (Tr. at 190). Claimant

passed the written driver's license test on the third attempt (Tr. at 40).  Claimant's sister helped

him study by reading the driver's license test book to him, but he read the driver's license test

and answered the questions without assistance (Tr. at 40-41).  Claimant twice reported that he

read the Bible (Tr. at 208, 228). He also acknowledged that he could read some of the newspaper

and had a "fair" ability to follow written instructions (Tr. at 35, 229).  Claimant testified that he

could read and write "[a] little. Not really good. I can read fairly simple words, but I don't know. I can't really read a newspaper. I can read some of it, and not - - " (Tr. at 35).

Additionally, Claimant argues that the ALJ was required to apply the Medical-Vocational Guidelines to determine whether a disability finding was directed by the regulations in light of Claimant's vocational profile and RFC. Claimant avers that given his age, education, and experience, in conjunction with the ALJ's finding that Claimant was limited to performing unskilled, light work, Medical-Vocational Rule 202.09 directed a finding of disabled. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table 2, Rule 202.09. However, Rule 202.09 applies to individuals who are limited to light work, closely approaching advanced age, illiterate or unable to communicate in English, and have unskilled or no previous work experience. Claimant performed mechanic work and drove a truck for approximately 16 years (Tr. at 37). At the hearing, the vocational expert testified that Claimant's past work as a mechanic was a skilled job (Tr. at 51-52). Accordingly, the ALJ determined that Claimant was not disabled at step five because there were jobs that existed in significant numbers in the national economy that he could perform (Tr. at 18-20).

## Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **GRANT** the Defendant's Brief in Support of Defendant's Decision (ECF No. 12), **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Judge Joseph R. Goodwin. Pursuant to the

provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal

Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days

(filing of objections) from the date of filing this Proposed Findings and Recommendation within

which to file with the Clerk of this court, specific written objections, identifying the portions of

the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155

(1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d

91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge

Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit

a copy of the same to counsel of record.

Enter: November 9, 2018

Dwane L. Tinsley
United States Magistrate Judge